LOCKWOOD, Administratrix, Respondent, vs. REESE, Appellant.

*March 19 — April 8, 1890.*

*Mortgages: Receivers: Trusts and trustees.*

A mortgage owned by two persons was foreclosed by a receiver appointed for that purpose, and the land was bid in by and conveyed to the receiver's attorney, for his benefit. *Held,* that the administratrix of one of the mortgagees could not maintain an action against said attorney to compel him to reconvey or account for the property, as being held in trust for such mortgagees, without showing that no adequate remedy could be had in a proceeding against the receiver.

APPEAL from the Circuit Court for *Iowa* County.

The following statement of the case was prepared by Mr. Justice TAYLOR as a part of the opinion:

The facts which may be said to be stated in the complaint in this action are the following: That the plaintiff is the widow and administratrix of the estate of James M. Lockwood, deceased, who died intestate and without having disposed of his interest in the mortgage mentioned in the complaint; that said Lockwood, in his life-time and at the time of his decease, was the part owner of a mortgage executed by one Emily R. Hooe to said Lockwood, and that one Warren E. Gates was also a part owner of said mortgage. It may also be fairly inferred from the complaint that in the life-time of said Lockwood a controversy had arisen between said Lockwood and Gates as to their respective rights and interests in said mortgage, and that some kind of an action had been instituted in the circuit court of Iowa county for the purpose of determining their respective rights in and to the money secured by said mortgage; that Lockwood, Gates, and the mortgagor, Hooe, were parties to such action; that it was adjudged and determined

in said action that Lockwood's interest in said mortgage was $624.74; and that the interest of Gates was the sum of $1,849.54. It may also be fairly inferred, although not clearly stated, that in said action for determining the rights of said parties in and to said mortgage one Orville Strong was appointed by the court receiver for the purpose of collecting the amount due on said mortgage for the benefit of the parties interested therein, and that by virtue of such appointment said Orville Strong, as such receiver, commenced an action to foreclose such mortgage; that in said action the receiver obtained a judgment of foreclosure against the mortgagor; that it was determined in such foreclosure action that the said Lockwood's interest in said mortgage, at the time judgment was rendered therein, was the sum of $524.79, and the interest of Gates was $1,794.54; and that judgment was rendered in favor of the receiver for these amounts, with interest added.

It is further alleged in the complaint that Reese & Carter acted as attorneys for the receiver in said foreclosure action, and that by virtue of said foreclosure judgment the mortgaged premises were duly sold by the sheriff of said county on the 11th day of June, 1881, and were bid off by *Samuel Reese*, one of the firm of Reese & Carter, for the sum of $4,165.44; that afterwards, and on the 11th of June, 1881, Reese & Carter acknowledged the receipt of $315.44, costs of said action, from Thomas Kennedy, sheriff of Iowa county, and on the 20th day of June they acknowledged the receipt from said sheriff of the further sum of $3,822.69, the amount of the foreclosure judgment, with interest. The complaint further states "that as a matter of fact the said Reese & Carter did not receive any sum whatever from said sheriff, but that said *Reese* bid in the mortgaged property to satisfy the debt due on said mortgage, and that he so bid it in as attorney for the receiver, in trust for said Lockwood and Gates, and took a sheriff's deed of the premises de-

scribed in the mortgage," giving a full description of the mortgaged property described in said sheriff's deed.

The complaint then concludes as follows: "Although demand has been made upon said *Reese* to convey or account for the property so held in trust by him for the legal representatives of James M. Lockwood, he refuses and neglects so to do. Wherefore the plaintiff prays that said *Samuel Reese* may be compelled to execute to this plaintiff a proper deed of conveyance of such share of the mortgaged premises as will satisfy the said sum of $524.74, and interest at the same rate as computed in augmenting the original indebtedness to $3,822.69, which includes the $524.74 and interest, and also interest from the date of sale to said *Reese* at the rate of seven per cent. per annum, and for such other and further relief as to the court may seem just and equitable."

To this complaint the defendant demurred, alleging the following causes of demurrer: "(1) That the plaintiff has not legal capacity to sue; (2) that there is a defect of parties plaintiff and defendant; (3) that several causes of action have been improperly united; (4) that the complaint does not state facts sufficient to constitute a cause of action; (5) that the action was not commenced within the time limited by law." The plaintiff moved the court for an order striking out the demurrer as frivolous. The circuit court granted the motion, with leave to the defendant to answer within forty days, upon the payment of costs of the motion. From this order the defendant appeals to this court.

For the appellant there were briefs by *Reese & Carter*, attorneys, and *John M. Olin*, of counsel, and oral argument by *Mr. Olin*.

*Charles D. Smith*, for the respondent.

TAYLOR, J. Upon this appeal, according to the well-established rule of this court, the order will be sustained,

if the complaint states a good cause of action against the defendant, whether the demurrer be frivolous or not. The real ground of demurrer is that the complaint does not state a cause of action in favor of the plaintiff against the defendant. After a careful consideration of the facts alleged in the complaint, we are forced to the conclusion that no cause of action is shown in favor of the plaintiff against the defendant. The learned counsel for the appellant contends that if it be admitted that there are facts enough stated to show that the defendant, *Reese*, bid off said mortgaged property in trust for the mortgagees, Lockwood and Gates, still the plaintiff does not show by her complaint that there has been such a devolution of the right of Lockwood to the plaintiff by the mere fact that he died intestate, possessed of the right to the trust estate, as would entitle her to maintain this action. To succeed to the right of her husband at his death, it is said the widow must either show that she is his sole heir, or, if she sues in her representative capacity, she must show that the real estate she seeks to recover as administratrix is necessary for the discharge of the debts of the deceased; and as neither of these facts is alleged in the complaint, the plaintiff has failed to state a cause of action, either in her representative capacity or in her capacity as widow of the deceased. If she seeks to recover in this action as inheriting the right of the deceased, it is clear that she fails to make out a case, unless she alleges in her complaint that she is the sole heir.

Whether the facts stated would entitle her to recover in her representative character, if the allegations in her complaint showed that the defendant held the real estate in question in trust for her deceased husband, we need not decide in this action, for the reason that the facts stated fail to show any such holding in trust for Lockwood and Gates, or for either of them. The facts stated show with sufficient clearness that the title to the mortgage in question

was transferred to the receiver, Strong, by virtue of his appointment as such receiver in the action set out in the complaint. The facts stated show that the foreclosure action was carried on in the name of the receiver, and upon the facts stated as to the bidding in of the property by *Reese* they show that in law the property was bid in for the benefit of the plaintiff in that action, viz., the receiver, and if *Reese* holds the property in trust for any one, he holds it in trust for the receiver, the plaintiff in that action, and must account to him for it, and not to the plaintiff. The allegation in the complaint that *Reese* bid in the property in trust for Lockwood and Gates is a conclusion of law not warranted by the facts stated. It seems very clear to us that the plaintiff should have sought her rights in the action in which the receiver was appointed. There is nothing appearing in this case which tends to show that she could not have secured her rights in that action, but if there were any reasons shown why her rights could not be secured by an application to that court to have the receiver account for the money collected on the mortgage, or for the property obtained by such foreclosure, then, upon a proper application to that court, it is quite certain such court would permit the plaintiff to commence such action against the receiver and other persons as might be necessary to secure her rights. *Noonan v. McNab*, 30 Wis. 277; *In re Day*, 34 Wis. 638; *Milwaukee & St. P. R. Co. v. M. & M. R. Co.* 20 Wis. 165; 2 Wait's Pr. 199, and cases cited. In the absence of any reasons shown for not proceeding against the receiver, or any allegations showing that a proceeding against the receiver would not be an adequate remedy, it is clear to us this action cannot be maintained.

*By the Court.*— The order of the circuit court striking out the demurrer is reversed, and the cause is remanded for further proceedings according to law.