BALLIN and another, Respondents, vs. LOEB and others, imp., Appellants.

BALLIN and another, Respondents, vs. MERCHANTS' EXCHANGE BANK and others, imp., Appellants.

*December 4 — December 16, 1890.*

*Corporations: Insolvency: Sequestration of property: Enjoining other proceedings: Divesting liens by attachment, etc.: Judgments of federal courts.*

1. Under secs. 3216–3228, R. S., a judgment creditor of a corporation, whose execution has been returned unsatisfied, may maintain an action to sequester the property of the corporation and to have a receiver appointed, in order that there may be a fair and equal division of the assets of the corporation among all its creditors; and in such action all other creditors may be enjoined from pursuing their own remedies, and officers of the law may be compelled to deliver to the receiver all property of the corporation held by them on attachment or execution. [Whether such an action could be maintained without the statute, not determined.]

2. A creditor whose judgment was obtained in a federal court in this state is entitled to this statutory remedy, such a judgment standing upon the same footing in this respect as the judgment of a superior court of the state.

APPEALS from the Circuit Court for *Milwaukee* County. The case is sufficiently stated in the opinion.

For the appellants *Jacob Loeb, Samuel H. Mossler,* and *M. J. Loeb* there was a brief by *Quarles, Spence & Quarles,* and oral argument by *Charles Quarles.* They contended, *inter alia,* that the circuit court had no jurisdiction of this action because no execution had been returned unsatisfied as contemplated by the statute. *Clarke v. B. & V. P. Co.* 50 Wis. 416; *Clark v. Bergenthal,* 52 id. 103. The return of an execution on a judgment in a federal court will not sustain this action. *Winslow v. Leland,* 128 Ill. 304, 338; *Steere v. Hoagland,* 39 id. 264; *Tarbell v. Griggs,* 3 Paige, 207; *McCartney v. Bostwick,* 32 N. Y. 53, 62.

The court had no jurisdiction to enjoin the collection of appellants' execution, since it was beyond the scope of the action. *Clark v. B. & V. P. Co.* 50 Wis. 416. From the wording of sec. 3227, R. S., and from analogy, it would seem that it was intended to restrain only such proceedings as would interfere with the sequestration proceeding, and that the words "all proceedings" are to be construed to mean all *similar* proceedings — that is, all proceedings against the *defendants*, to work out in equity the satisfaction of creditors' claims, such as a creditor's bill or supplementary proceedings. *Pierce v. Milwaukee Const. Co.* 38 Wis. 253; *Powers v. C. H. Hamilton Paper Co.* 60 id. 23, 28.

The court could not, in this action, order the sheriff to turn over property held on executions, or require the receiver to take possession of such property: (1) Because the statute expressly provides that the receiver shall reduce to possession by action all property of the corporation adversely held. Sec. 3219, R. S. (2) Because the courts uniformly hold that the principal action does not provide the machinery necessary to try the respective rights of the parties claiming the property. *Gelpeke v. M. & H. R. Co.* 11 Wis. 454; *Andrews v. Paschen,* 67 id. 413, 415; *Clarke v. B. & V. P. Co.* 50 id. 416; *Van Alstyne v. Cook,* 25 N. Y. 493; *In re N. A. Gutta Percha Co.* 17 How. Pr. 549; *Becker v. Torrance,* 31 N. Y. 641; *Rich v. Loutrel,* 18 How. Pr. 121. (3) Because the court had power to sequester only *the property of the defendant corporation.* The property held on the executions, and the right to its possession, had ceased to belong to the corporation and had passed to the creditors at law. Preferences so acquired have been upheld by this court in a long series of decisions, ending in *Cribb v. Hibbard, S., B. & Co.* 77 Wis. 199. The circuit court proceeded on the theory that secs. 3216–3228, R. S., constitute a bankruptcy act more far-reaching than any yet

passed by any legislative authority; and that the commencement of an action thereunder, *ipso facto,* avoided all attachments and executions theretofore levied. The courts seem to be unanimous in laying down a contrary rule. *Hubbard v. Hamilton Bank,* 7 Met. 340; *Davenport v. Tilton,* 10 id. 320; High, Receivers, 282, 401; *In re Waterbury,* 8 Paige, 380; *White, P. & P. Mfg. Co. v. Pettes Imp. Co.* 30 Fed. Rep. 864; *Jones v. Bank of Leadville,* 10 Colo. 464; *Artisans' Bank v. Treadwell,* 34 Barb. 554, 563; *In re Church & G. Mfg. Co.* 40 Minn. 39; *State v. Curran,* 15 How. 308.

The decisions of America and England are uniform upon the proposition that, in the absence of restrictive legislation, an insolvent corporation may prefer a creditor in all respects as a natural person may. Wait, Insolv. Corp. sec. 162; *Coats v. Donnell,* 94 N. Y. 178; *Conlee L. Co. v. Ripon L. & M. Co.* 66 Wis. 487; *Catlin v. Eagle Bank,* 6 Conn. 233; *Wilkinson v. Bauerle,* 41 N. J. Eq. 635; *Bergen v. Porpoise F. Co.* 42 id. 397; *Buell v. Buckingham,* 16 Iowa, 284; *Pyles v. Riverside F. Co.* 30 W. Va. 123; *Planters' Bank v. Whittle,* 78 Va. 737; *Warfield v. Marshall Co. C. Co.* 72 Iowa, 666; *McMurty v. M. M. T. Co.* 86 Ky. 206; *Town v. Bank,* 2 Dong. (Mich.), 530; *Smith v. Skeary,* 47 Conn. 47; *Lippincott v. Shaw C. Co.* 25 Fed. Rep. 577; *White, P. & P. Mfg. Co. v. Pettes Imp. Co.* 30 id. 864; *Pond v. F. & L. R. Co.* 130 Mass. 194; *Maryland v. Bank of Md.* 6 Gill & J. 205.

For the appellants *Merchants' Exchange Bank, Simon Kahn,* and *Kalamazoo Knitting Company* there was a brief by *Winkler, Flanders, Smith, Bottum & Vilas,* and oral argument by *J. G. Flanders.* They contended, *inter alia,* that a lien acquired by attachment or execution levy in the ordinary way, without collusion or fraud, before a bill to sequestrate the property of a corporation and wind up its affairs, was valid, and that a corporation, though insolvent,

might pay or secure a creditor up to the time a suit is commenced to sequestrate the property. *Turnbull v. Prentiss L. Co.* 55 Mich. 387; *Wilkinson v. Bauerle,* 41 N. J. Eq. 635; *Atlas Bank v. Nahant Bank,* 23 Pick. 480; *Smith v. Skeary,* 47 Conn. 47; *White, P. & P. Mfg. Co. v. Pettes Imp. Co.* 30 Fed. Rep. 864; *Pyles v. Riverside F. Co.* 30 W. Va. 123; *Breene v. M. & M. Bank,* 11 Col. 97; *Rollins v. Shaver W. & C. Co.* 80 Iowa, 380; *Van Alstyne v. Cook,* 25 N. Y. 489; *Varnum v. Hart,* 119 id. 101; *Paulding v. Chrome S. Co.* 94 id. 335; *Garrett v. Burlington P. Co.* 70 Iowa, 197; *State v. Bank of Md.* 6 Gill & J. 205; *Dana v. Bank of U. S.* 5 Watts & S. 223; *Chautauque Co. Bank v. Risley,* 19 N. Y. 369. The general rule in this country is that the receiver obtains title subject to all liens previously acquired. Beach, Receivers, sec. 202. If he has reason to believe such liens are fraudulent he can bring an action to set them aside, and this is the proper and orderly way to proceed in such cases. *Andrews v. Paschen,* 67 Wis. 413. Where the receiver's title does not vest until after a creditor's levy, his only remedy is by action. *Gelpcke v. M. & H. R. Co.* 11 Wis. 454.

For the respondents there was a brief by *Williams, Friend & Bright* and *Miller, Noyes & Miller,* and oral argument by *B. K. Miller, Jr.,* and *O. T. Williams.* They argued, among other things, that the statute, secs. 3216–3228, R. S., authorizes the action, and sec. 3227 confers ample authority upon the court to enjoin other proceedings. It was intended by the statute to secure an equal distribution of the property of an insolvent corporation among its honest creditors, and for that purpose to divest all liens by which other creditors seek to obtain preference. *Adler v. Milwaukee P. B. Mfg. Co.* 13 Wis. 57; *Ballston Spa Bank v. Marine Bank,* 18 id. 490; *Pierce v. Milwaukee Const. Co.* 38 id. 253; *Powers v. C. H. Hamilton Paper Co.* 60 id. 28; *First Nat. Bank v. Knowles,* 67 id. 373; *In re*

*Waterbury,* 8 Paige, 380; *Hammond v. Hudson River I. & M. Co.* 11 How. Pr. 29. That insolvent corporations cannot prefer creditors, and that the directors are trustees and the assets a trust fund for the creditors, see *Haywood v. Lincoln L. Co.* 64 Wis. 639, 646; *Hurlbut v. Marshall,* 62 id. 590; 2 Morawetz, Priv. Corp. secs. 803, 861, 894, 897; *Turnbull v. Prentiss L. Co.* 55 Mich. 387; *Wood v. Dummer,* 3 Mason, 309; *Rouse v. Merchants' Nat. Bank,* 46 Ohio St. 493; *Lane's Appeal,* 105 Pa. St. 49; *Neall v. Hill,* 16 Cal. 149; *Adams v. Kehlor M. Co.* 35 Fed. Rep. 433; *Curran v. State,* 15 How. 307; *Richards v. N. H. Ins. Co.* 43 N. H. 263; *Port v. Russell,* 36 Ind. 60; *Pfohl v. Simpson,* 74 N. Y. 137; Taylor, Priv. Corp. sec. 759.

ORTON, J. The plaintiffs were partners under the firm name of *Ballin & Berman,* and on the 10th day of January, 1890, they obtained a judgment against the J. & E. B. Friend Lace Importing Company, in the circuit court of the United States for the eastern district of Wisconsin, for the sum of $2,048.76, and an execution was issued thereon, and has been returned, " No property on which to levy," and wholly unsatisfied. The defendants are said corporation and its directors and some of its stockholders and many of its creditors. The said company is a corporation of this state, and insolvent, and has a great number of creditors. Some of its stockholders are supposed to have not fully paid up for their shares of stock by them subscribed. Some of the defendants who are creditors have colluded and conspired with the corporation and its directors to obtain an unjust preference over other creditors, by the attempted levy of attachments on the property of the corporation, and by an assignment of said corporation for their benefit. The action is brought also in behalf of any other of the creditors of the corporation who may come in under the same. The objects of the action are to have the stock,

property, effects, and things in action of the corporation
sequestered, and to have all of its creditors exhibit their
claims and become parties thereto and have an equal bene-
fit in the relief or judgment obtained therein, and to have
the money owing by any delinquent stockholders on their
shares of stock ascertained and marshaled as assets of the
corporation, to be equally distributed among the creditors
of the corporation, and to have the affairs of the corpora-
tion closed. John F. Burnham, the sheriff of Milwaukee
county, who threatens to sell the property of the corpora-
tion on attachments or executions in favor of some of the
defendants, is also made a defendant. The prayer is that
the company be declared insolvent and its property se-
questered, and a receiver appointed for the same and for
such money owing by the stockholders, and for a just and
fair distribution of all the property and assets of the corpo-
ration among the creditors according to law; and that said
defendants who are creditors be enjoined and restrained
from proceeding against the corporation; and that their
proceedings commenced be enjoined.

Such is the substance of the complaint. A receiver was
appointed, and a preliminary injunction was issued, as
prayed. The answers of some of the defendants have been
filed, but they are not important further than they deny
the collusion and conspiracy charged, and admit, in effect,
that the corporation is insolvent. The defendants moved
to dissolve the injunction, and the motion was denied, and
one of the appeals is from that order. There is also an ap-
peal from so much of the injunctional order as restrains
the defendants from proceeding in their actions in the su-
perior court of Milwaukee county, and as continues the
injunctional order; and also an appeal from the order that
the receiver proceed forthwith to take possession of the
property held by the sheriff, Burnham, and to sell the same,
etc.; and an appeal from that part of the order that said

sheriff deliver to the receiver the property held by him under writs and process against the company.

It will be observed that all of these appeals are embraced within the one general question, whether the action will lie. If the action can be maintained, then sequestration of all the property and assets of the corporation, the appointment of a receiver for all of such property and assets, and that persons having any such property and assets be ordered to deliver the same to the receiver, and that the receiver sell and convert the same into money, to be equally distributed among the creditors, and the injunction to restrain all the creditors from bringing or maintaining other actions, are necessary. Every one of such orders is necessary to the full remedy embraced in the action. If one them is wanting, the remedy would be incomplete. They are all necessary to the two general objects,— the closing up the affairs of the insolvent corporation, and the equal distribution of its assets among its creditors. The action has an indispensable unity, which would be broken or impaired by the absence of any one of the objects embraced in the orders appealed from. The question is therefore, Will the action lie just as it is, in all of its parts and purposes, in its general scope, and in all the particulars thereof, within the allegations of the complaint?

The eminent counsel on both sides have submitted very able briefs and arguments on the general question of the action, and the special orders made therein, in view of the general chancery jurisdiction of the court. The learned counsel of the respondent have attempted to sustain the action on grounds of general equity by the citation of many authorities, and the learned counsel of the appellant have not only questioned such authorities, but cited many others adverse to such a chancery jurisdiction. May any judgment creditor who has exhausted his remedy at law against an insolvent corporation, by the return of an execu-

tion wholly unsatisfied for the want of visible property on which it could be levied, bring an action to sequester and place in the hands of a receiver all of the property and assets of such a corporation, restrain all other creditors from pursuing their own remedies, and compel them to, come into the action and submit to an equal distribution of such property and assets among all the creditors alike? Cases in this court have been cited which hold the general principle that the directors and officers of an insolvent corporation hold all of its property in trust to be distributed equally among all of its creditors. That is as far in the direction of that question as this court has gone in *Haywood v. Lincoln L. Co.* 64 Wis. 639, and other cases cited. What the creditors may do in such an event as the insolvency of a private corporation, to suspend all private actions against it and compel all the creditors to submit to an equal distribution of its property on general principles of equity, has not yet been decided by this court, at least not directly if it has been even by incidental intimation. Whether the remedies sought in this action can be pursued on general principles of equity, is a very important question, and it was most ably discussed on the argument. If this action can be predicated upon or sustained by any statute of this state, the decision of the above question is unnecessary, and is not in the case. It is not difficult to determine whether this action can be sustained by any statute of this state, and therefore, before considering the above important question, we will look into the statute cited by the learned counsel of the respondent to support it.

Although there is no special reference to the statute in the complaint, it is obvious that the complaint was drawn at least in attempted compliance with sec. 3216, R. S., and following sections. Sec. 3216 provides that an action may be brought against the corporation by a judgment creditor after an execution has been returned unsatisfied in whole

or in part, and the court may sequester its stock, property, things in action, and effects, and appoint a receiver. Sec. 3217 provides for a just and fair distribution of the property among the fair and honest creditors according to sec. 3245. Sec. 3221 allows directors and stockholders to be made parties. By sec. 3226 stockholders may be adjudged to pay what is due on their unpaid stock. By sec. 3227 an injunction may be issued to restrain proceedings by any other creditor against the defendant corporation. Several other sections provide for making the directors, officers, and stockholders parties, if in any event they may be liable to the creditors, and for special proceedings against them. It will be seen that the complaint has been drawn within these sections, and embraces all these statutory proceedings. There is no material difference between the remedies sought by the plaintiff in this suit and those given by the statute, and there is no material departure from the statute in any respect. There can be no question but that the complaint is a good one under the statute, and that the action is properly brought. The receiver was properly appointed, and the injunction to restrain proceedings by the other creditors was properly issued. All the property is sequestered, including that in the officer's hands under attachment or execution. Any less than all the property of the insolvent corporation would be ineffectual to make an equal, just, and fair distribution among all the creditors in proportion to their claims. It is all sequestered, and all of it must go into the hands of the receiver, to be disposed of by him alone as an officer of the court; and all persons having any of the property must be ordered to deliver it to him. All proceedings by any other creditors in any other way or in any other court must be restrained; and if a sheriff or other officer have any of the property in his hands under any such proceedings, it must be delivered to the receiver, and all such other creditors must come into

this action for any share of the property, or for any remedy, else this proceeding would be ineffectual. All the orders appealed from were warranted and authorized in order to carry out the provisions of the statute.

Whether there has ever been a precedent of a similar action without the authority of such a statute or not, there is certainly great equity in it, and the scheme of the statute to secure to all of the creditors a just and fair distribution of the property and effects of an insolvent corporation proportionate to their claims is most excellent and unexceptionable. That kind of diligence by which one creditor of an insolvent corporation secures to himself a prior right to its property, and an unequal advantage over the other creditors, is without merit, and more selfish than just. The sections of the statute providing for such an action are clearly explained and construed, and a similar complaint and proceedings thereunder fully sustained, by the opinion of Mr. Justice Lyon in *Powers v. C. H. Hamilton Paper Co.* 60 Wis. 23. This being a statutory action, no other authorities are necessary.

The only other material question in the case is whether the plaintiff, having obtained his judgment in the circuit court of the United States for the eastern district of Wisconsin, can avail himself of this statutory remedy. It is contended by the learned counsel of the appellant that the return of an execution on a judgment in a federal court will not sustain this action, and that such a judgment is that of a foreign court, or the same as one of a sister state. There may have been late decisions to such effect, but the current of authorities, as well as the laws of the United States and of this state, establish the rule that the judgments of the United States courts of the Wisconsin districts are to be treated as domestic judgments of a superior court of this state: (1) They are liens on the land of the defendants. Ch. 729, Acts of Cong. 1888. (2) They are admissible

Ballin and another vs. Loeb and others.

in evidence as such, when properly authenticated. Sec. 4145, R. S. (3) In common-law causes the plaintiff is entitled to the same remedies by attachment or other process against the property of the defendant (sec. 915, R. S. of U. S., and by sec. 914 the same practice, etc.); and modes and forms of proceeding in civil causes may be the same. By sec. 916 the judgment plaintiff in common-law causes is entitled to similar remedies upon the same, to reach the property of the judgment debtor. (4) They are respected by our courts, and the property of the defendant in the hands of a receiver appointed by the United States court in a Wisconsin district will not be disturbed by our courts. *Kinney v. Crocker*, 18 Wis. 74; *Milwaukee & St. P. R. Co. v. M. & M. R. Co.* 20 Wis. 165. (5) They are treated in all respects as to remedies like domestic judgments of the state within which they were rendered. In *Adams v. Way*, 33 Conn. 419, in a suit on a bond given in this state, the record of a foreclosure judgment of the district court of the United States for the Wisconsin district was admitted in evidence, and the court held that it was not the judgment of a foreign court. United States courts are not foreign within the state where they are held. *Turrell v. Warren*, 25 Minn. 9. To the same effect are the following cases: *Wandling v. Straw*, 25 W. Va. 705; *Thomson v. Lee Co.* 22 Iowa, 206; *St. Albans v. Bush*, 4 Vt. 58; *Barney v. Patterson's Lessee*, 6 Har. & J. 182; *Embry v. Palmer*, 107 U. S. 3; *McCauley v. Hargroves*, 48 Ga. 50; *Williams v. Wilkes*, 14 Pa. St. 228; Freem. Judgm. § 578; 12 Am. & Eng. Ency. of Law, 148. We are disposed to adopt this rule, so well established, as against any adverse decisions, as it appears more in the spirit of comity and reasonable. In this proceeding the judgment of the plaintiff will have the same effect as if rendered by any superior court of this state, because it was rendered in a Wisconsin district of a United States court.

*By the Court.*— The orders and parts of orders appealed from are severally affirmed.